UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| KEVIN MADORE, | : | NO. 3:02CV-0424 (SRU) |
| *Plaintiff,* | : | |
| | : | |
| V. | : | |
| | : | |
| MR. LYNCH and MR. HOYT, | : | |
| *Defendants.* | : | MARCH 22, 2004 |

## MOTION TO DISMISS FOR
## FAILURE TO COOPERATE IN DISCOVERY

Pursuant to the provisions of Rule 37(d) of the Federal Rules of Civil Procedure, the defendants respectfully request that the court dismiss this lawsuit, or order such other sanctions as in the judgment of the court may be appropriate, due to the failure of the plaintiff to comply with the court's discovery orders dated December 18 and December 22, 2003. In support of this motion, the defendants represents as follows:

1. On June 6, 2003, counsel for the defendants mailed to the plaintiff a set of interrogatories and requests for production at the address listed in his complaint (Enfield Correctional Institution).

2. The mailing which contained said interrogatories and requests for production was returned indicating that the plaintiff had been discharged from the custody of the Department of Correction.

3. Thereafter, on July 30, 2003, counsel for the defendants remailed a copy of said interrogatories and requests for production to the plaintiff at the address listed on the court docket sheet. In the correspondence accompanying said mailing, counsel indicated that the plaintiff had not responded to the discovery requests, and that compliance was required. The

plaintiff was further invited to contact counsel in order to discuss a mutually agreeable extension of time in which to provide responses. No response to this letter was ever received.

    4. The information requested through the outstanding interrogatories and requests for production is crucial to the defendants' ability to prepare their case and to present an effective defense against the plaintiffs' allegations of wrongdoing on their part. Absent the requested information, the defendants' ability to investigate the allegations of wrongdoing proffered, to cross-examine the plaintiff, and to present appropriate witnesses during the course of the trial will be severely prejudiced.

    5. On October 1, 2003, the defendants mailed to the plaintiff a notice of his deposition to be held at the Office of the Attorney General, 110 Sherman Street, Hartford, Connecticut, at 10:00 a.m. on Friday, October 17, 2003. The plaintiff failed to present himself at the appointed time, or to contact the undersigned for the purpose of rescheduling the deposition.

    6. Counsel for the defendant only has a post office box for the *pro se* plaintiff and, therefore, has been unable to contact him to determine why he failed to appear, or to otherwise reschedule the deposition. Mail directed to the post office box listed by the plaintiff as his address, as recorded on the docket sheet for this case, has recently been returned as undeliverable.

    7. The ability to depose the plaintiff is crucial to the defendants' ability to prepare their case and to present an effective defense against the plaintiffs' allegations of wrongdoing on their part. Absent the requested deposition, the defendants' ability to investigate the allegations of wrongdoing proffered, to cross-examine the plaintiff, and to present appropriate witnesses during the course of the trial will be severely prejudiced.

8. Counsel filed motions to compel cooperation with discovery with regard to the interrogatories and requests for production and the deposition on September 10 and October 22, 2003, respectively.

9. On December 18, 2003, the court ordered the plaintiff to comply with the outstanding discovery requests. On December 22, 2003, the court granted the defendants' motion to compel.

10. To date, the plaintiff has failed to communicate with counsel for the defendants in any way, and has yet to comply with either the interrogatories and requests for production or the deposition notices issued.

11. Counsel for the defendants certifies that he has made good faith attempts to confer with the plaintiff in order to obtain compliance with the court's orders regarding discovery in this matter without the involvement of the court as outlined above, and has failed to resolve the dispute.

WHEREFORE, the defendants requests that the court dismiss this lawsuit with prejudice, or order such other sanctions against the plaintiff as may, in the judgment of the court, be appropriate.

                    DEFENDANTS
Todd Lynch and Keith Hoyt

RICHARD BLUMENTHAL
ATTORNEY GENERAL


BY: __/s/_____
     Stephen R. Sarnoski
     Assistant Attorney General
     MacKenzie Hall
     110 Sherman Street
     Hartford, CT  06105
     Tel. (860) 808-5450
     Federal Bar #ct05129
     E-mail: stephen.sarnoski@po.state.ct.us

## JURAT

Subscribed and sworn to before me this _____ day of _____, 2004 by Assistant Attorney General Stephen R. Sarnoski.

_____
Notary Public


## CERTIFICATION

I hereby certify that a copy of the foregoing has been mailed, first-class, postage prepaid, to the following on this the _____ day of _____, _____:

Kevin Madore
c/o Stephanie Hatfield
P.O. Box 1602
New London, Connecticut 06320

__/s/_____
Stephen R. Sarnoski
Assistant Attorney General